# COURT OF APPEALS OF TEXAS.

## GALVESTON TERM, 1882.

### CHES. THOMAS *v.* THE STATE.

1. THREATS.— That the deceased had made threats against the life of the defendant will not avail as a defense to a prosecution for murder, in the absence of evidence showing hostile demonstrations by the deceased at the time of the killing.
2. DYING DECLARATIONS — PRACTICE.— While it is true that statements of the deceased concerning previous difficulties with the defendant are not admissible as part of his dying declarations, yet it is the duty of the defense to object thereto when offered. Otherwise this court will not interfere.
3. EVIDENCE.— See evidence held sufficient to sustain a conviction for murder in the first degree.

APPEAL from the District Court of Anderson. Tried below before the Hon. P. F. EDWARDS.

The death penalty was assessed in this case for the murder of Houston McMeans, in Anderson county, on the 6th day of March, 1881.

The testimony of the various witnesses for the prosecution concerning the occurrences at the time of the killing is identical. The defendant and the deceased, according to them, when first seen before the shooting, were standing together before a business house, conversing, the deceased with both hands in his pockets and the defendant with one hand on the lapel of his coat and the other resting on a post. The subject of their conversation was unknown to any of the witnesses, but it did not appear an excited one, and no one thought of a difficulty. After talking a short time, the deceased started up the street.

After he had walked some six or eight feet, the defendant drew a pistol and fired, striking the deceased in the back, and following and firing on him until he fell. No one of the witnesses saw the deceased make any demonstrations, or heard him use any threatening language. These witnesses for the State were several in number, and occupied positions on the street fifteen or twenty paces from the parties when the shooting occurred.

About the substance of the dying declarations of the deceased was that, on the night preceding the shooting, the defendant attacked him; that he refused to enter into a quarrel and left the defendant; that next day he requested defendant to go with him and assist in hitching up a dray; that defendant refused; that he then turned to leave and was shot in the back by the defendant, for nothing.

Several witnesses for the defense testified that on different occasions prior to the killing they had heard the deceased say that the defendant had sworn a lie on him in court, and that he intended to "cut his bowels out." On at least one of these occasions he exhibited a knife. One or two witnesses testified that they had told the defendant of these threats; others had not.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

White, P. J. As serious as is the nature of the case here presented, there really appears nothing, after a most careful consideration of the record, which requires even a discussion at our·hands. On a trial under an indictment charging him with the murder of one ˙Houston McMeans, in the county of Anderson, on the 6th day of March, 1881, appellant was found guilty of murder of the first degree, and his punishment affixed at death by hanging.

No objection was raised to the indictment. No objec-

tion is urged to the charge of the court, which was an able and eminently fair exposition of the law, and in its submission of the law of self-defense went even farther in behalf of defendant than was called for by the evidence.   An effort was made by defendant to show threats against himself by deceased, but there is not a single tittle of evidence tending to show that deceased had made or was making any hostile demonstrations at the time of the shooting.   On the contrary, after to all appearances an earnest but friendly interview, when he turned to leave defendant the latter drew his pistol and shot him in the back, and, not content with that, followed him up as he ran and continued firing upon him until he fell.   To all appearances a more cruel, wanton and outrageous assassination was never perpetrated, and the jury were most clearly warranted in the verdict which they have rendered, under the law and facts of the case.

It is true that a portion of the dying declarations of deceased, so far as they referred to prior difficulties between the parties, should and would have been excluded had objections been made.   But they appear to have been introduced without objection from defendant, and in any event could scarcely have prejudiced his case in view of the other overwhelming legitimate evidences of his guilt. "The dying declarations of a party are only admissible in evidence on a trial of a homicide where the death of the deceased is the subject of the charge and the circumstances of the death are the subject of the dying declarations."   1 Greenl. Evid. § 156; *Krebs* v. *State*, 3 Texas Ct. App. 348.   As stated above, no objection was urged to the introduction of the declarations, and, having consented to the introduction, defendant is precluded from complaining.

We are unable to see any reason why we should interfere with the verdict and judgment rendered in this case, and they are therefore in all things affirmed.

*Affirmed.*